IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FREDERICK HOLMES, #343660 | * |
| Plaintiff, | |
| v. | * CIVIL ACTION NO. WDQ-09-725 |
| NANCY ROUSE[1] | * |
| Defendant. | |
| | *** |

**MEMORANDUM**

I.   Procedural History

This 42 U.S.C. § 1983 complaint for injunctive relief (medical care and "proper" housing) and damages was filed on or about March 18, 2009. Plaintiff, who at all times set out herein was confined at the Roxbury Correctional Institution ("RCI"), alleges that on February 14, 2009, he was harassed and threatened by RCI Officers Riser and Harch when he was returning from an adjustment hearing. Paper No. 1. Plaintiff claims that he informed the officers that he was having difficulty walking, but was refused help. He asserts that he fell down, hit his head, and when he "came to [the officers] were dragging me to my cell and threw me in my cell." Plaintiff claims that he is in a wheelchair as a result of the incident. *Id*. He names former RCI Warden Nancy Rouse as the sole Defendant.

II.  Dispositive Filings

Defendant has filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which shall be treated as a summary judgment motion. Paper No. 16. As of the within signature date no Opposition has been filed by Plaintiff. The case is ready for the Court's consideration. Oral hearing is not deemed necessary. *See* Local Rule 105.6. (D. Md. 2008).

III. Standard of Review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The Court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing

---

[1] The Clerk shall amend the docket to reflect the correct spelling of defendant's name.

that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

Affording the *pro se* Complaint a generous interpretation, Plaintiff has raised claims relating to verbal threats, harassment and excessive force.  Each claim shall be examined *seriatim*.

IV.   Analysis

   A.   Verbal Threats and Harassment

Verbal harassment or threats against inmates are not actionable under § 1983. *See Barney v. Pulsipher*, 143 F.3d 1299, 1310 n. 11 (10th Cir. 1998); *accord Shabazz v. Pico*, 994 F.Supp. 460, 474 (S.D. N.Y. 1998) ("verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right" under section 1983); *see also McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993);  *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Cole v. Cole*, 633 F.2d 1083, 1091 (4th Cir. 1980); *Partee v. Cook County Sheriff's Office*, 863 F.Supp. 778, 781 (N.D. Ill. 1994) (inmate's "allegations of verbal threats, racial epithets, and continued harassment" failed to meet objective component of Eighth Amendment).   Plaintiff's claims of harassment and threats do not constitute colorable constitutional claims and are subject to dismissal.

   B.   Excessive Force

Plaintiff claims that he was subject to unnecessary and excessive force by RCI officers on February 14, 2009, when during his escort from an adjustment hearing he was dragged to and thrown into his cell.  In response, Defendant offers the following uncontroverted facts.

Defendant claims that the incident could not have occurred on the date in question as it fell on a weekend and adjustment hearings do not occur on Saturdays.   RCI base file records show that Plaintiff did receive adjustment hearings in January and February of 2009.   Paper No. 16, Ex. 1 at

3

pgs. 5-19, 28-41, 44-45, & 47-61.  Officers Harsh and Rizer indicate that they have a recollection of an incident that may have given rise to the Complaint allegations, but are uncertain of the date.[2] They recall, by information reports (not declarations or affidavits), that Plaintiff had exited the adjustment room and was being escorted back to his cell when he claimed he could not walk and stopped.  Officer Harsh reports that Plaintiff then slid down the wall and sat on the floor after which he was directed to stand and return to his cell.  *Id*., Ex. 1 at pgs. 3-4.  Plaintiff replied that he could go no further.  Harsh and Rizer then informed him that they would assist him to his feet and escort him back to his cell.   Plaintiff allegedly responded that if either officer touched him he would bite them and give them AIDS.  Rizer informed Plaintiff that he could not sit on the floor all day and that he and Harsh would help him back to his cell.  Plaintiff was assisted to his feet and escorted to his cell without further incident.  *Id.*

Defendant states that there is no evidence that Plaintiff filed a grievance regarding the issue.  *Id*., Exs. 1 & 2.  She asserts that there is no record proof supporting Plaintiff's contention that he became wheelchair bound as a result of the incident and no sick-call requests or medical orders requesting or requiring his use of a wheelchair at that time.[3]  Finally, Defendant argues that there are no Complaint allegations made against her and Plaintiff has failed to show her culpable in her supervisory capacity.

---

[2]   Defendant's exhibits show that on or about January 23, 2009, Plaintiff filed an inmate request claiming that on "December 14, 200**9**" staff "dragged me from the bubble to my cell."  Paper No. 16, Ex. 1 at p. 42.  He indicated that he was being escorted from a parole summary and told the officer that his legs were giving out.  Plaintiff's request further stated that the officer got him back to his cell and he was subsequently placed on a rolling cart, after which something in his back "snapp[ed]."  *Id*.  While several correctional officers are referenced in this inmate request, neither Harsh nor Rizer are named.

[3]   Further, while Plaintiff's records show that in 2008 he had ongoing concerns regarding his inability to walk and there were questions as to whether the use of a wheelchair was appropriate, at no point was a wheelchair ordered for Plaintiff's personal use until February 10, 2009.  Paper No. 16, Ex. 1 at pgs. 20-27, & 46; Ex. 3.

Defendant raises the argument that the case must be dismissed due to Plaintiff's failure to exhaust his administrative remedies. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedies demands compliance with an agency's deadlines and other critical procedural rules because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendant(s). *See Jones v. Bock*, 549 U.S. 199, 215-216 (2007); *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.2d 674, 682 (4th Cir. 2005).

Assuming that Plaintiff's excessive force claim rises to an Eighth Amendment level,[4] it falls under the exhaustion prerequisites of § 1997e(a), and the claim must be dismissed unless he can

---

[4] A claim of excessive force raised by a prison inmate against a correctional officer involves analysis of both objective and subjective elements. *See Stanley v. Hejirika*, 134 F.3d 629, 634 (4th Cir. 1998); *Williams v. Benjamin*, 77 F.3d 756, 760 (4th Cir. 1996). The core judicial inquiry when analyzing the subjective element is to review "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312 (1986)). The objective element is analyzed to determine whether the officers' actions were harmful enough to offend contemporary standards of decency. *See Hudson*, 503 U.S. at 8. Factors which are pertinent to this inquiry include the extent of injuries suffered by the inmate, the need for the application of force, the relationship between the need for force and the amount of force used, the threat reasonably perceived by prison staff, and any efforts on the part of staff to temper the severity of their response. *See Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 321. While the inmate's injury need not be significant to violate the Eighth Amendment, something more than a *de minimis* injury is required in order to prove that excessive

show that he has satisfied the administrative exhaustion requirement or that Defendant has forfeited her right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003). The Maryland Division of Correction provides for a grievance process. As noted under *Chase*, a Maryland inmate may satisfy exhaustion by seeking review of an Administrative Remedy Procedure ("ARP") complaint denial from the Warden to the Commissioner and then appealing the Commissioner's decision to the Inmate Grievance Office ("IGO"), the *final level* of appeal within Maryland's administrative grievance system for prisoners. *See Chase v. Peay*, 286 F.Supp.2d at 529 (emphasis added). Plaintiff does not refute the allegation that he failed to file an ARP regarding the issues in this case. He has plainly failed to satisfy exhaustion requirements and has not shown that Defendant has legally given up her right to present this affirmative defense.

Further, as a fundamental element of § 1983 liability, Plaintiff must show that former RCI Warden Rouse was personally involved in the alleged deprivation of his constitutional rights. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1997) (doctrine of *respondeat superior* does not apply to 42 U.S.C. § 1983 actions). It remains undisputed that Rouse was not directly involved in the use of force. Further, while supervisory liability may attach under § 1983, such culpability is not tied to Rouse because Plaintiff has failed to establish that: (1) she had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive risk of a constitutional injury; (2) her response to that knowledge was so inadequate as to show deliberate inference to or tacit authorization of the allege offensive practices; and (3) there was an affirmative causal link between her inaction and Plaintiff's alleged constitutional injury. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Indeed, aside from being named as a Defendant in the caption of the Complaint, Rouse's name is nowhere to be found in its statement of facts..

---

force was used. *See Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) (generally, no Eighth Amendment excessive force claim exists where any injury sustained by the plaintiff is *de minimis* and the

V. <u>Conclusion</u>

For the aforementioned reasons Defendant's court-construed motion for summary judgment is granted and judgment shall be entered in favor of Defendant and against Plaintiff. A separate Order shall follow.


Date: November 2, 2009                    /s/
                                    William D. Quarles Jr.
                                    United States District Judge

---

force is not of a source "repugnant to the conscience of mankind").